**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROMAN ABARCA, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:13CV1573 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant's motion to vacate, set aside or correct

illegal sentence brought pursuant to 28 U.S.C. § 2255[1]. The motion will be summarily

denied.

Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the Court is

required to conduct an initial review of the motion. Upon review, the Court is required

to summarily dismiss the motion "[i]f it plainly appears from the motion . . . that the

---

[1]Movant entitles his motion, "Demand for Writ of Prohibition." However, as movant is seeking to challenge his conviction and sentence, the labeling of his petition or motion makes no difference. See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) (pleading labeled as a Rule 60(b) motion that is in substance a habeas petition "should be treated accordingly"); see also, Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.").

moving party is not entitled to relief . . ."  Rule 4 of the Rules Governing § 2255

Proceedings.

On May 4, 2011, movant pled guilty to conspiracy to distribute and possess with

intent to distribute cocaine and cocaine base, under 21 U.S.C. §§ 841(a)(1) and 846.

See United States v. Abarca-Garcia, 4:10CR302 SNLJ (E.D. Mo. 2011).  On August

3, 2011, this Court sentenced movant to a sixty-five-month term of imprisonment and

a three-year term of supervised release.  Movant did not file a notice of appeal, nor did

he timely file a motion to vacate pursuant to 28 U.S.C. § 2255.

Movant now seeks to vacate the judgment on the basis that the United States

does not have criminal jurisdiction over the "sovereign citizens" of the State of

Missouri. He additionally claims that the Fourteenth Amendment "was not fully

ratified by al of the States of the Union."

First, the motion is time-barred because it has been filed well outside of § 2255's

one year statute of limitations.  See 28 U.S.C. § 2255.  Second, even if the motion had

been timely filed, it would be summarily denied because movant's arguments are

patently frivolous.  As a result, the motion shall be denied.

Additionally, because movant has failed to make a substantial showing of the

denial of a constitutional right, the Court will not issue a Certificate of Appealability.

28 U.S.C. § 2253.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to proceed in forma pauperis is **DENIED AS MOOT** as no filing fee is assessed in actions brought pursuant to 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that movant's motion to vacate, set aside or correct illegal sentence pursuant to 28 U.S.C. § 2255 is **DENIED and DISMISSED as both time-barred and as patently frivolous**.

Dated this <u>19th</u> day of August, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE